IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ČESKÁ ZBROJOVKA DEFENSE SE ("CZ"),**

**Plaintiff,**

v.

**VISTA OUTDOOR, INC.,**

**Defendant.**

Case No. 21-CV-2482-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Česká zbrojovka Defense SE ("CZ") invokes this Court's diversity jurisdiction to assert claims for breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. Now before the Court are Defendant Vista Outdoor, Inc.'s Motion to Dismiss the Case in its Entirety (Doc. 8) and Plaintiff CZ's Motion to Transfer Venue (Doc. 13). The motions are fully briefed and the Court is prepared to rule. Because the Court finds that the original Plaintiff, CZ USA, LLC, lacked standing at the time it filed this action, the Court must dismiss without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiff's motion to transfer is therefore moot.

**I.      Background**

This case was originally filed on October 22, 2021, by CZ USA, LLC ("CZ USA"), alleging that it was a party to a November 20, 2018 Reimbursement Agreement, and seeking relief on claims arising out of a breach of that contract. On November 8, 2021, CZ USA filed the First Amended Complaint, replacing itself as the named Plaintiff with Česká zbrojovka Defense SE ("CZ").[1] The allegations in the First Amended Complaint are otherwise the same. CZ USA

---

[1] Doc. 4.

is a subsidiary of CZ. The parties agree that CZ USA was not a party to the Reimbursement Agreement and was incorrectly named in the original Complaint. CZ USA filed the First Amended Complaint without seeking leave under Fed. R. Civ. P. 15(a)(1)(A), which permits a party to amend once as a matter of course within 21 days of serving it. The First Amended Complaint was filed before Defendant was served with or filed a responsive pleading to the original Complaint.

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) on the basis that CZ USA lacked standing to bring its breach of contract action in the original Complaint; therefore, it lacked standing to amend and cure the defect. Additionally, Defendant argues that the case should be dismissed under Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and venue. Plaintiff responds that the standing defect was cured by the First Amended Complaint. Plaintiff does not dispute that personal jurisdiction and venue do not lie in Kansas. But Plaintiff urges the Court to transfer this case under 28 U.S.C. § 1406 to the District of Minnesota rather than dismiss.

## II. Standing

### A. Standards

Article III of the Constitution permits federal courts to decide only "Cases" or "Controversies."[2] Article III standing is jurisdictional; therefore, the party seeking federal jurisdiction bears the burden to establish standing.[3] To establish Article III standing, Plaintiff must adequately show that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

---

[2] U.S. Const. art. III, § 2; *see Hollingsworth v. Perry*, 570 U.S. 693, 704 (2016).
[3] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021).

2

decision."[4]  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[5]

The Reimbursement Agreement contains a choice-of-law provision specifying that Delaware law governs any claim or controversy arising thereunder.[6]  Under Delaware law, only parties to a contract or third-party beneficiaries have rights relating to a contract.[7]  Given this law, the parties agree that CZ, but not CZ USA, has standing to sue for breach of the Reimbursement Agreement.

**B.**     **Discussion**

There is no dispute that CZ USA lacked standing at the time of the original Complaint—it was neither a party to nor a third-party beneficiary of the contract.  Therefore, it lacked standing when it amended to substitute CZ as the named plaintiff.  Plaintiff urges the Court to measure standing at the time of the First Amended Complaint, and argues that standing is curable, at least under the circumstances of this case where the amended pleading was made as a matter of course before service.

The Court first considers when standing should be measured under the circumstances of this case.  Defendant cites the general rule that subject matter jurisdiction, including Article III standing, is measured "at the outset of the litigation."[8]  Under this rule, the Court must determine

---

[4] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Kerr v. Polis*, 20 F.4th 686, 692 (10th Cir. 2021) (en banc).

[5] *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[6] Doc. 9-1 ¶ 8.

[7] *JPMorgan Chase Bank v. Smith*, No. CV S13L-08-003 (RFS), 2014 WL 7466729, at *4 (Del. Super. Ct. Dec. 15, 2014).

[8] *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 U.S. 567, 570–71 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure." (footnote omitted)).

3

standing at the time CZ USA filed the original Complaint. The parties agree that CZ USA never had standing to bring a breach of contract claim because it was not a party to nor a third-party beneficiary of the contract.

Plaintiff argues that under Rule 15(a), CZ USA was permitted to amend and cure the standing defect, relying on language from *Rockwell International Corp. v. United States* that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."[9] Plaintiff contends that because the original Complaint was superseded by the First Amended Complaint before service was completed, the proper course is to evaluate standing based on the First Amended Complaint. Because CZ undisputedly had standing both at the time of the Amended and the original Complaint, Plaintiff argues that the Court should find the defect was curable and decline to dismiss for lack of subject matter jurisdiction.

The Court finds that the time-of-filing rule controls and requires dismissal for lack of subject matter jurisdiction. At the outset of the litigation, this Court did not have subject matter jurisdiction because CZ USA lacked Article III standing. Only a party to the case can amend under Rule 15.[10] Yet, at no time did CZ USA have standing to sue, let alone amend the Complaint. A plaintiff "may not create jurisdiction by amendment when none exists."[11]

---

[9] 549 U.S. 457, 473–74 (2007); *see also United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1252 (10th Cir. 2017) (applying rule in the context of determining statutory patent jurisdiction).

[10] *Triumph Gear Sys., Inc.*, 870 F.3d at 1248.

[11] *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001); *see also Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282–83 (5th Cir. 1981) ("Since [the original plaintiff] had no standing to assert a claim, it was without power to amend the complaint so as to initiate a new lawsuit with new plaintiffs and a new cause of action."); *ThermoLife Int'l, L.L.C. v. NeoGenis Labs, Inc.*, 411 F. Supp. 3d 486, 495–96 (D. Ariz. 2019) (explaining that while sometimes allegations in an amended complaint can be considered in determining whether there was standing at the time the case was filed, it does not change the rule that standing must exist at the outset of the litigation); *Hull v. Viega, Inc.*, No. 12-2086-JAR-TJJ, 2014 WL 896621, at *3 (D. Kan. Mar. 6, 2014) ("However, while Rule 15(a) is to be liberally applied, it does not extend to cases where plaintiff's only reason for seeking amendment is to cure a standing defect.").

*Rockwell International* does not dictate a contrary result. There, the Supreme Court considered jurisdiction under 31 U.S.C. § 3730, a provision of the False Claims Act.[12] Under that provision, federal jurisdiction is eliminated over actions "based upon the public disclosure of allegations or transactions 'unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.'"[13] In construing the term "allegations" in the qui tam statute, the Court stated that it would not infer a limitation in the statute to the relator's initial complaint to determine jurisdiction.[14] The Court explained that this interpretation did not conflict with the time-of-filing rule because "[t]he state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction."[15]

Here, the First Amended Complaint makes clear that the original allegations of jurisdiction were false—CZ USA was neither a party to the contract when it filed suit, nor later when it amended the complaint. This is not a case where an amended or supplemental complaint alleges events between the time of the original complaint and amended pleading that establish standing.[16] Nor is this a case where the original plaintiff had standing, but assigned its rights under a contract to another party after the original complaint was filed, and then amended or supplemented to add that assignee to the action.[17] Nor is this a case where dismissal of a party

---

[12] *Rockwell Int'l*, 549 U.S. at 460.

[13] *Id.* (quoting 31 U.S.C. § 3730(e)(4)(A)).

[14] *Id.* at 473.

[15] *Id.* at 473–74.

[16] *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1046 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) (finding that time-of-filing rule does not extend to supplemental pleadings under Rule 15(d) where there is a post-complaint assignment from a party that had standing); *Daniels v. Arcade, L.P.*, 477 F. App'x 125, 130–31 (4th Cir. 2012) (finding sufficient that the new plaintiff suffered an injury in fact before becoming a party to the lawsuit when the amended complaint was filed).

[17] *See, e.g.*, *Northstar Fin. Advisors Inc.*, 779 F.3d at 1046; *G&E Real Est., Inc. v. Avison Young-Washington, D.C., LLC*, 168 F. Supp. 3d 147, 159–60 (D.D.C. 2016).

cured a lack of subject matter jurisdiction.[18]  Instead, this is a case where a plaintiff that indisputably lacked standing amended by substituting a party that does have standing.  Under the time-of-filing rule, such amendment does not suffice to show that the Court had jurisdiction at the outset of the litigation.

Plaintiff argues that the Court should evaluate standing at the time of the First Amended Complaint because it was filed as a matter of course, rather than on a motion for leave to amend, citing unpublished dicta from the United States District Court for the District of Columbia.[19]  The district court in *Snarr* noted that the plaintiff "made a strategic decision to forego invoking his right to amend as a matter of course under Rule 15(a)(1)(B)," and concluded that it would not deem the plaintiff's motion for leave to amend an amendment as of right, even though it would have been timely if filed that way.[20]  But that case stands for the same proposition applied here: "if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim."[21]  Given that the original plaintiff lacked standing, "there [was] no action for him to amend."[22]  Similarly, here, regardless of whether the amendment was filed as a matter of course or presented in the context of a motion for leave to amend, the plaintiff lacked standing to amend.  There is no meaningful difference between a plaintiff creating jurisdiction by amendment as a matter of course and through a motion for leave to amend.  If a

---

[18] *See Grupo Dataflux v. Atlas Global Grp., LP*, 541 U.S. 567, 572 (2004) (noting exception to time-of-filing rule when lack of diversity is cured by dismissal of a party).

[19] *Snarr v. Fed. Bureau of Prisons*, No. CV 19-1421, 2020 WL 3639708, at *5 (D.D.C. July 6, 2020).

[20] *Id.* at *4 & n.3.

[21] *Id.* (quoting *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983)) (alteration in original).

[22] *Id.* (quoting *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001)) (alteration added).

party is not entitled to leave to amend on the basis that doing so would manufacture jurisdiction, it should not matter whether it timely filed an amended complaint under Rule 15(a)(1).

Plaintiff also relies on *United States ex rel. Precision Co. v. Koch Industries, Inc.*[23] to support its claim that it could amend as a matter of course because there had been no "determination" on standing at the time of amendment. There, the Tenth Circuit considered issues relating to the addition of individual plaintiffs in a qui tam action under 31 U.S.C. § 3730(b)(5). Having found that the addition of certain plaintiffs did not violate the statute, the court considered whether those plaintiffs could be added under Rule 15(a) as a matter of course, or whether the addition is governed by Rule 21, the rule relating to misjoinder and nonjoinder of parties.[24] The court held that the addition was governed by Rule 15, but it explicitly declined to answer "[w]hether Precision has overcome the original subject matter problem by the addition of the stockholders," because that question was not before the court.[25] *Precision* adds no support to Plaintiff's argument that its amendment as a matter of course denied this Court the opportunity to assure itself of subject matter jurisdiction at the outset of the litigation.[26]

In this case, the wrong Plaintiff was mistakenly named, despite the fact that it had no claim against the Defendant under the contract at issue and therefore had no Article III standing.

---

[23] 31 F.3d 1015 (10th Cir. 1994).

[24] *Id.* at 1018.

[25] *Id.* at 1019.

[26] *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) ("The Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts beyond the limits of [the] U.S. Constitution.")); *House v. MITRA QSR KNE LLC*, 796 F. App'x 783, 789 (4th Cir. 2019) ("[J]urisdiction is a threshold issue, determined at the time of filing. And when jurisdiction does not exist at that time, the court's only role is to dismiss the case: If a plaintiff lacks standing, the federal 'courts have no business deciding [the case], or expounding the law in the course of doing so.'" (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (citations omitted) (alteration in original))). *But see Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389–90 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 757 (2022) ("In short, the boundaries of Article III are not as rigid as the Banks suggest. Indeed, while Fund Liquidation's presence and standing ensured that there was a live controversy when the action was initiated, numerous courts have made clear that, in certain instances, subject-matter jurisdiction can even be obtained after a case's initiation and given retroactive effect through procedural rules.").

The original Plaintiff had no power to amend the complaint to add a party who does have standing to sue. Therefore, under the time-of-filing rule, this Court lacked jurisdiction at the outset of the litigation. Under such circumstances, the proper course is to dismiss without prejudice for lack of jurisdiction. Accordingly, the Court does not reach Defendant's alternative grounds for dismissal under Rule 12(b)(2) and (3), or Plaintiff's motion for transfer.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Vista Outdoor, Inc.'s Motion to Dismiss the Case in its Entirety (Doc. 8) is **granted**. Plaintiff CZ's Motion to Transfer Venue (Doc. 13) is therefore **moot**. This case is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: April 25, 2022

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE